**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **CARLOS RICE,** | **CIVIL ACTION NO. 5:21-302-KKC** |
|     **Plaintiff,** | |
| **v.** | <u>**OPINION AND ORDER**</u> |
| **KILOLO KIJAKAZI,** **ACTING COMMISSIONER OF SSA,** | |
|     **Defendant.** | |

*** *** ***

Plaintiff Carlos Rice brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits and supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

Rice was 40 at the time of the hearing before the ALJ. (Administrative Record ("AR") at 33). In his application for benefits, he identified spine and neck issues, hearing loss, low testosterone, depression and anxiety as the conditions that limited his ability to work. (AR at 227.) In denying Rice's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Rice has not engaged in substantial gainful activity since December 7, 2019. (AR at 17.)

At step two, the ALJ determined that Rice suffers from the severe impairments of degenerative disc disease of the cervical spine with myelopathy, status post disectomy and fusion; degenerative disc disease of the thoracic spine; degenerative disc disease of the lumbar spine with radiculopathy; right shoulder acromioclavicular arthropathy/adhesive capsulitis; left shoulder pain; left ulnar nerve lesion; tremor/clonus/spasticity of the lower extremities; bilateral hearing loss; and tinnitus. (AR at 18.)

At step three, the ALJ found that Rice does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 19.) Here, the ALJ noted that Rice did not allege that he had an impairment that met or equaled a listing. (AR at 19.)

Before proceeding to step four, the ALJ determined that Rice has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) with certain qualifications. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. 404.1567(a). Sedentary work "is defined as one which involves sitting," with walking and standing required only occasionally. *Id*. The ALJ found the following qualifications to Rice's ability to perform sedentary work:

- he can occasionally push and pull using the upper and lower extremities;
- he can occasionally climb stairs and ramps, but cannot climb ropes, ladders or scaffolds;
- he can occasionally balance (with "balancing" defined as maintaining body equilibrium to prevent falling when

> walking, standing, crouching or running on narrow,
> slippery, or erratically moving surfaces);
> - he can occasionally stoop, kneel, crouch and crawl;
> - he can occasionally reach overhead;
> - he must avoid concentrated exposure to loud noise without
>   hearing protection and vibration; and
> - he cannot work at unprotected heights or around hazards
>   such as heavy equipment

(AR at 19.)

At step four, the ALJ determined that Rice is unable to perform any past relevant work.
(AR at 20)

At step five, the ALJ determined that, considering the RFC described above and Rice's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that Rice can perform and, thus, he is not disabled. (AR at 21.)

Rice argues that he produced substantial evidence that he meets or equals listing 11.08, Spinal Cord Disorders. Rice does not dispute the ALJ's finding, however, that Rice did not argue before the ALJ that his condition met the listing. The Social Security regulations "do not require the ALJ to address every listing – and with ample reason. There are a hundred or so listings." *Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 641 (6th Cir. 2013). "In the normal course, as a result, the ALJ need not discuss listings that the applicant clearly does not meet, especially when the claimant does not raise the listing before the ALJ." *Id.*

The ALJ must address listings not raised by the claimant only if the record raises a "substantial question" as to whether the claimant could qualify as disabled under a listing. *Id.* In arguing that the ALJ should have considered whether he meets listing 11.08, Rice points to various medical evidence in the record but he does not explain how this evidence raises a

substantial question of whether he meets the specific criteria of listing 11.08. (DE 12-1, Mem. at 7-9.) In order to meet or medically equal listing 11.08, a claimant must show:

> A. Complete loss of function, as described in 11.00M2, persisting for 3 consecutive months after the disorder (see 11.00M4); or
> B. Disorganization of motor function in two extremities (see 11.00D1), resulting in an extreme limitation (see 11.00D2) in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities persisting for 3 consecutive months after the disorder (see 11.00M4); or
> C. Marked limitation (see 11.00G2) in physical functioning (see 11.00G3a) and in one of the following areas of mental functioning, both persisting for 3 consecutive months after the disorder (see 11.00M4):
>> 1. Understanding, remembering, or applying information (see 11.00G3b(i)); or
>> 2. Interacting with others (see 11.00G3b(ii)); or
>> 3. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
>> 4. Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Rice does not state which of the three subparts of the listing he claims to meet. The Court rules out subpart C because Rice does not point to any evidence regarding his mental functioning. Thus, only subparts A and B are even arguably applicable. In arguing that he meets the criteria for the listing, Rice points to evidence that supports the ALJ's finding that Rice suffers various severe impairments regarding his spine and neck, but he does not explain how this evidence raises a substantial question as to whether he meets the specific criteria of listing 11.08, subparts A or B. Accordingly, the Court cannot find that the ALJ erred in failing to address this listing in more detail than he did.

Rice also argues that the ALJ failed to consider all of the evidence in calculating his RFC. Rice argues that the ALJ failed to consider treatment notes indicating that Rice is very strong,

4

but spastic and uncoordinated; that he has balance problems, especially going downhill; and that going up and down stairs and sitting for long periods worsened his gait and spasticity. Rice does not explain, however, how these conditions restrict him from performing any work functions that the RFC permits. The RFC that the ALJ calculated contains significant restrictions, finding that Rice could perform only a limited range of sedentary work.

Moreover, the ALJ relied on the opinions of the state agency consultants and calculated an RFC consistent with their conclusions. Rice argues that the ALJ erred in relying on these opinions because the latest is dated April 28, 2020 (AR at 105.) But Rice does not point to any evidence in the record after that date that is inconsistent with the RFC or the state agency consultants' opinions. As the ALJ noted, the July 2020 treatment notes of Evan Bennett, a physician's assistant at Baptist Health, gave Rice a score of 5 out of 5 on grip strength, shoulder abduction, dorsiflexion, plantarflexion, and hip flexion. (AR at 911.) Bennett also determined that Rice's gait was normal. *Id*. Bennett also noted that the MRIs of Rice's lumbar and thoracic spine and the lateral x-ray of Rice's cervical spine showed "no obvious abnormalities." (AR at 912.)

Rice argues that the ALJ failed to consider Bennett's treatment notes just a few months later. In October 2020, Bennett noted that Rice was applying for disability benefits. Bennett determined that Rice "was getting around quite well," but "is not likely going to be able to hold a job due to his symptoms." Bennet stated that "we are going to stand by his disability." (AR at 907.) The ALJ did not err in giving no weight to these opinions because opinions that a claimant is disabled or not able to work are deemed "inherently neither valuable nor persuasive" by the Social Security Administration. 20 C.F.R. § 416.920b(c)(3)(i). Whether a person is able to work is an issue reserved to the Social Security Administration. 20 C.F.R. § 416.920b(c)(3).

5

Rice argues that the ALJ did not consider all of his father-in-law's third-party report. This report is not from a medical source. Thus, the ALJ was not required to explain how he considered it. 20 C.F.R. § 404.1520c(d).

Finally, Rice argues that the ALJ erred in presenting hypothetical questions to the ALJ that did not include all of his impairments. With this argument, Rice repeats his challenge to the RFC calculated by the ALJ.  Because, as discussed above, the ALJ's RFC was based on substantial evidence, the Court cannot find that the hypothetical questions did not accurately reflect Rice's impairments.

The Court cannot reverse the ALJ "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter, Commissioner of Social Security*, 246 F.3d 762, 772 (6th Cir.2001). If the ALJ's decision is supported by substantial evidence, it must be affirmed, even if this Court would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir.1981). Accordingly, reversal is not warranted merely because some medical records are consistent with the claimant's testimony.

For all these reasons, the Court hereby ORDERS as follows:

1)  Rice's motion for summary judgment (DE 12) is DENIED;

2)  the Commissioner's motion for summary judgment (DE 14) is GRANTED; and

3)  a judgment consistent with this opinion will be entered.

This 20th day of March, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY